# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND

NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

NICHOLAS J. VITEK
STAFF ATTORNEY

August 22, 2008

**Crack Reduction – Status Report**

The Honorable Benson E. Legg
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    United States v. James Kane
                Case No: L97-0246

Dear Judge Legg:

      Please accept and docket this letter as a status report regarding Mr. Kane's's potential eligibility for a motion for reduction in sentence based on Amendment 706 to the Federal Sentencing Guidelines (the "crack" amendment).  Mr. Kane's projected release dates is February 16, 2009.

      On May 13, 2008 this Honorable Court appointed the Office of the Federal Public Defender to preliminarily review Mr. Kane's case to determine if he is eligible to seek reduction in sentence. United States Probation has reviewed Mr. Kane case and believes that he is ineligible because he was found to be a career offender.

      However, such a conclusion is based on a narrow reading of 18 U.S.C. § 3582(c)(2) and goes against how Mr. Kane's sentence was calculated pursuant to U.S.S.G. § 1B1.1.  A careful reading of 18 U.S.C. § 3582, particularly when read in light of Booker v. United States and Kimbrough v. United States does not preclude Mr. Kane from seeking a reduction in sentence.  To be eligible to seek a reduced sentence under section 3582, a defendant need only have been "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c) (emphasis added).  It does **not** require that the original sentence be based **solely** on a guideline that the Commission has subsequently lowered.

      In fact, the Court of Appeals for the Fourth Circuit has explicitly adopted a broad interpretation of "sentencing range" to include any sentence "so long as [its] range under the amended guideline *would be* lower than the range applied by the district court." United States v. Goines, 357 F.3d 469, 475 (4th Cir. 2003) (emphasis added).  The court explicitly rejected a narrow reading of "sentencing range" to include only sentences that are based on a range as prescribed in the guidelines.  Id. at 475

Here, Mr. Kane sentence is "based" on the amended crack guidelines at U.S.S.G. § 2D1.1. This is because, in drug cases, application of the career offender guideline under § 4b1.1(b) very much depends on the "offense level otherwise applicable" under § 2D1.1. In short, as reflected in the Presentence Report, the guidelines must be calculated under § 2D1.1 before a decision is made to apply the greater offense level from the career offender guideline. In this way, the sentence, even though it may be ultimately driven by the career offender guideline, is "based" on the drug guideline at § 2D1.1.

Because Mr. Kane sentence is "based on" the crack guideline, subsequently lowered, this Court has jurisdiction to reduce his sentence under § 3582(c). Once jurisdiction is authorized, Booker and its progeny permit this Court to go below the advisory guidelines. See e.g., Kimbrough v. United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007). In fact, Kimbrough expressly recognizes that a sentencing court may go below the applicable guidelines based upon a policy disagreement with the Sentencing Commission. Gall reinforces the "parsimony" provision of 18 U.S.C. § 3553(a), which requires the sentencing court to impose a sentence that is "sufficient but not greater than necessary to satisfy the purposes of sentencing."

The issue of whether career offenders are eligible for a reduction under the crack amendments is before the Fourth Circuit in United States v. Plater (No. 08-7135). I suggest that the Court hold this case in abeyance pending the Fourth Circuit's decision in Plater. If the Court of Appeals concludes that those found to have been career offenders are not barred from resentencing under the amended guideline, then the parties could submit additional briefing on the nature of the relief the Court should grant Mr. Kane.

A proposed order is attached.

Sincerely yours,

/s/

Nicholas J. Vitek
Staff Attorney


Barbara Sale, AUSA
Estelle Santana, USPO
James Kane, 33188-037
Court File